## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**WILLIE JORDAN,**

> **Plaintiff,**

> v.                                          CASE NO.  24-3061-JWL

**JEFF ZMUDA, et al.,**

> **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Wichita Work Release Facility in Wichita, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  On June 21, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies.  This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 8).  The Court's screening standards are set forth in the MOSC.

Plaintiff's claims appear to be based on his assault by another inmate while housed at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").  As Count I of his Amended Complaint, Plaintiff alleges an Equal Protection violation "of [Plaintiff] on aggressive & violent inmate Richard Showalter."  (Doc. 8, at 3.)  For his supporting facts, Plaintiff states "please see attached exhibit."  *Id*.  The attached exhibit consists of two pages of a transcript—pages 11 and 18—from a proceeding at the Shawnee County Courthouse.  *Id*. at 6–7.  The transcript states that Plaintiff has provided substantial assistance to the State of Kansas in prosecuting two cases, one of which is the criminal case against Richard Showalter.  *Id*. at 6.  The transcript then states that Plaintiff is asking for a probation sentence and his safety is now an issue.  *Id*. at 7.  It provides

1

that "if he was to go to prison, with all the information he's provided and the fact that he's getting out and going on probation, his safety is in jeopardy." *Id*.

In the MOSC, the Court addressed Plaintiff's equal protection claim in his original Complaint. Plaintiff claimed an equal protection violation "on aggressive & violent residents." (Doc. 1, at 4.) As support, he referenced his attached personal injury claim regarding the assault. The Court found in the MOSC that it was unclear how this attached document supports a claim based on an equal protection violation. To allege an equal protection violation, a plaintiff must state facts indicating that defendants treated him differently than other similarly situated individuals. *See City of Cleburne v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985). Plaintiff does not allege that he was treated differently on the basis of class membership. To proceed upon an equal protection claim as a "class-of-one plaintiff," there must be allegations that others similarly situated in every material respect were intentionally treated differently and that the government's action was irrational and abusive. *Haik v. Salt Lake City Corp*., 567 F. App'x 621, 631–32 (10th Cir. 2014); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011). The Court found in the MOSC that Plaintiff failed to allege that other inmates were similarly situated to him in every material respect. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.") (citation omitted). The Court ordered Plaintiff to show good cause why his equal protection claim should not be dismissed.

Plaintiff's equal protection claim in his Amended Complaint also fails to state a claim. Plaintiff has failed to cure the deficiency noted in the MOSC and has failed to explain how the attached transcript pages support an equal protection claim.

As Count II of his Amended Complaint, Plaintiff alleges "deliberate indifference/due process." (Doc. 8, at 3.)   Plaintiff alleges that he was stabbed repeatedly after Defendants Zmuda and Waldock ignored a central monitor request from Plaintiff against Richard Showalter and Bradley Sportsman. *Id*.   The Court found in the MOSC that Plaintiff failed to provide supporting facts regarding whether or not anyone was aware that the other inmate posed a real danger to Plaintiff or that there was a strong likelihood of injury, as opposed to a mere possibility.   Plaintiff failed to allege that any Defendant was aware of a threat from Showalter. The Court found that "[a]lthough it appears that Plaintiff had an agreement in exchange for his testimony, nothing in his allegations suggests that the inmate was violent or otherwise posed a safety threat to Plaintiff." (Doc. 7, at 7.)   The Court granted Plaintiff an opportunity to file an amended complaint to set forth additional allegations showing that a defendant possessed enough details about a threat to enable them to conclude that it presented a strong likelihood of injury, not a mere possibility.   The Court cautioned Plaintiff that he must allege that a defendant was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference.   Plaintiff's Amended Complaint fails to cure these deficiencies.

As Count III of his Amended Complaint, Plaintiff alleges a claim based on "deliberate indifference/medical negligence." (Doc. 8, at 4.)   For his supporting facts, he merely states "failing to take grievance process through proper channels." *Id*.   It is unclear how this supports his deliberate indifference or medical negligence claim.   The Court found in the MOSC that Plaintiff failed to set forth any facts regarding his medical care, other than that he was transported to the Hospital ER after the assault, and he failed to name any medical staff as

defendants.  The Court also found that claims under § 1983 may not be predicated on mere negligence, citing *Daniels v. Williams*, 474 U.S. 327, 330 (1986).

Plaintiff's Amended Complaint fails to cure these deficiencies.  Plaintiff still fails to provide any facts regarding his medical care.  Furthermore, medical malpractice against a prisoner is a state law claim and does not state a claim for relief under Section 1983.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

Plaintiff's dissatisfaction with the grievance process also fails to state a claim.  The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system.  *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").  Plaintiff has failed to state a claim in Count III of his Amended Complaint.

Plaintiff also alleges in his Amended Complaint that Defendant Jeff Zmuda, KDOC Secretary of Corrections, "failed to fulfill daily operations," citing K.S.A. 75-5210. (Doc. 8, at 1.)  He also alleges that Defendant Melissa Waldock, Classifications Administrator, "[f]ailed to

4

perform KSA & IMPP to protect [Plaintiff] with refusing central monitors filed by [Plaintiff]." *Id*. at 2.  The Court found in the MOSC that violations of state law or prison regulations do not provide a cause of action under § 1983.  Plaintiff must state a federal constitutional violation. State statutes do not provide a basis for liability under § 1983 which only protects rights secured by the Constitution and laws of the United States.  *D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'") (citation omitted).

Likewise, the violation of a prison regulation does not state a constitutional violation unless the prison official's conduct "failed to conform to the constitutional standard." *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation).  As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates…."  *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007).  Plaintiff's claims based on state statutes and IMPPs fail to state a constitutional violation.

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC and fails to state a claim for relief.  Therefore, this matter is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 5, 2024, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**